1 | ROBERT M. SCHWARTZ (S.B. #117166)
      rschwartz@omm.com
2 | CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
3 | BRIAN J. FINKELSTEIN (S.B. #261000)
      brianfinkelstein@omm.com
4 | O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5 | Los Angeles, California  90067-6035
    Telephone:  (310) 553-6700
6 |
7 | MARC A. BECKER (S.B. #138872)
      marcbecker@quinnemanuel.com
    QUINN EMANUEL URQUHART
8 |   & SULLIVAN, LLP
    865 S. Figueroa Street, 10th Floor
9 | Los Angeles, California  90017
    Telephone:  (213) 443-3000
10 |
   | Attorneys for Plaintiffs
11 |

12 |                **UNITED STATES DISTRICT COURT**

13 |              **CENTRAL DISTRICT OF CALIFORNIA**

14 | DANJAQ, LLC, a Delaware limited          | Case No. 2:14-cv-02527 DDP-Ex
    | liability company; METRO-
15 | GOLDWYN-MAYER STUDIOS
    | INC., a Delaware corporation;
16 | UNITED ARTISTS CORPORATION,             | **PLAINTIFFS' *EX PARTE***
    | a Delaware corporation; SEVENTEEN      | **APPLICATION FOR**
17 | LEASING CORPORATION, a                   | **EXPEDITED DISCOVERY**
    | Delaware corporation; EIGHTEEN
18 | LEASING CORPORATION, a                   | DECLARATION OF ROBERT M.
    | Delaware corporation; NINETEEN          | SCHWARTZ AND [PROPOSED]
19 | LEASING CORPORATION, a                   | ORDER FILED HEREWITH
    | Delaware corporation; TWENTY
20 | LEASING CORPORATION, and a
    | Delaware corporation; TWENTY-ONE        | **Judge:**        Hon. Dean D. Pregerson
21 | LEASING COMPANY LLC, a                   | **Magistrate:**   Hon. Charles F. Eick
    | Delaware limited liability company,
22 |
    |              Plaintiffs,
23 |        vs.
24 | UNIVERSAL CITY STUDIOS LLC, a
    | Delaware limited liability company;
25 | NBCUNIVERSAL MEDIA, LLC, a
    | Delaware limited liability company;
26 | and AARON BERG, an individual,
27 |              Defendants.
28 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   PLEASE TAKE NOTICE that plaintiffs Danjaq, LLC; Metro-Goldwyn-Mayer Studios Inc.; United Artists Corporation; Seventeen Leasing Corporation; Eighteen Leasing Corporation; Nineteen Leasing Corporation; Twenty Leasing Corporation; and Twenty-One Leasing Company LLC hereby apply *ex parte* for an order to expedite discovery in this case. **As described in paragraphs 6, 7 and 8, plaintiffs have provided notice to defendants in accordance with Rule 7-19 of the Local Rules for the Central District.**

   1.   This *ex parte* application is made in conjunction with the filing last Thursday (April 3) of plaintiffs' complaint for copyright infringement.  Plaintiffs produce and distribute the *James Bond* motion pictures.  They own copyright interests in those motion pictures and in the underlying *James Bond* literary works. *See* Docket No. 1.  Defendants are developing and producing a motion picture based on a screenplay, titled *Section 6*, that infringes plaintiffs' copyrights.

   2.   Plaintiffs make this *ex parte* application on the ground that plaintiffs need expedited, focused discovery to evaluate: (1) the current state of defendants' infringing activities, and (2) whether plaintiffs need to seek preliminary injunctive relief to stop defendants from taking any further steps to develop and produce a motion picture that infringes plaintiffs' copyrights.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause" to expedite discovery "in cases involving claims of infringement"); *Metro-Goldwyn-Mayer, Inc. v. Am. Honda Motor Co.*, 900 F. Supp. 1287, 1292 (C.D. Cal. 1995) (issuing preliminary injunction after expedited discovery allowed plaintiff to demonstrate infringement of its *James Bond* copyrights); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (moving *ex parte* for expedited discovery is permitted given "the urgent need for discovery in connection with an application for … preliminary injunction").

3.     As set forth in the [Proposed] Order filed herewith, plaintiffs seek the following expedited discovery:

a.     The parties shall participate in the Rule 26(f) discovery conference within 28 days of the date of the Court's order on this application (the "Order"), and file a Rule 26(f) report within 14 days thereafter;

b.     Defendants Universal City Studios LLC, NBCUniversal Media, LLC, and Aaron Berg shall respond to plaintiffs' First Sets of Requests for Production of Documents and First Set of Interrogatories (*see* Exhibits A, B, C, D, E, and F to the declaration of Robert M. Schwartz ("Schwartz Decl.")) within 30 days of the date of the Order;

c.     Defendants Universal City Studios LLC and NBCUniversal Media, LLC (collectively, "Universal") shall appear for deposition within 14 days after producing the documents and information identified in Paragraph 2, on the topics set forth in plaintiffs' Notices of Deposition (*see* Schwartz Decl. Exs. G and H), concerning (a) the current content of defendants' *Section 6* screenplay including any revisions that have been made since October 2013 and any revisions defendants plan to make, and (b) dates on which defendants' motion picture based on the *Section 6* screenplay may or will commence production and may or will be initially released to the public in the United States; and,

d.     Defendant Berg shall appear for a deposition within 14 days after producing the documents and information identified in Paragraph 2, as set forth in plaintiffs' Notice of Deposition (*see* Schwartz Decl. Ex. I) concerning the current content of the *Section 6* screenplay, including any revisions that have been made since October 2013 and any revisions defendants plan to make.

4.     *Ex parte* relief is warranted here.  Last November, plaintiffs notified defendants that their screenplay and notified defendants that it infringed plaintiffs'

*James Bond* copyrights.  In response, Universal gave plaintiffs written assurances that it had not decided whether to exercise an option to acquire the screenplay and that, if Universal did so, the screenplay would be changed significantly.  Recent media reports state that Universal has hired a director, lead actor, and producers for their infringing project and that Universal is moving forward with the development of the project.  Plaintiffs are concerned that Universal is doing so using a screenplay that is the same as, or materially no different for copyright purposes than, the screenplay as it existed in November.  Last Monday (March 31), Universal refused to provide the most recent version of the screenplay or to provide any information about any changes it might be making to it.  Universal also refused to halt the development of the project.

5.      Unless the Court permits plaintiffs to obtain the expedited discovery sought by this request, several months will pass before plaintiffs can ascertain the status of the project, and whether the content of defendants' current screenplay deviates from the infringing version plaintiffs have seen.  Thus, plaintiffs cannot obtain meaningful relief through the ordinary motion process, which would further delay commencement of discovery.  *See* C.D. Cal. Local Rule 7-19; *Baeza v. Bank of Am.*, 2011 WL 11648375, at *2 (C.D. Cal. Aug. 10, 2011).

6.      **Notice to Defendants**.  Plaintiffs notified defendants of this *ex parte* application on the morning of Thursday, April 3, 2014, and provided them that day with the proposed discovery requests, deposition notices, and proposed order on this application.  Schwartz Decl. ¶ 2.  Plaintiffs asked defendants to respond by noon the next day (Friday, April 4, 2014) and indicate whether defendants would stipulate to the proposed order to avoid necessitating this application.  *Id.*

7.      **Defendants' Position**.  On April 4, 2014, defendants informed plaintiffs they could not respond to plaintiffs' request to stipulate to the proposed order within twenty-four hours and asked that plaintiffs report this position to the

1  Court.  *Id.*  Defendants did not indicate whether they would otherwise oppose

2  plaintiffs' application.  *Id.*

3       8.   **Further Notice to Defendants**.  On April 6, 2014, plaintiffs told

4  Universal that plaintiffs would be filing this application on the next day, and asked

5  whether Universal's position had changed.  *Id.*, ¶ 3.  Later that day, Universal

6  responded that its position had not changed, and that it was continuing to reserve all

7  of its rights.  *Id.*

8       9.   This application is made pursuant to Local Rule 7-19 and is based on

9  this application, the attached memorandum of points and authorities, the declaration

10 of Robert M. Schwartz, and such further showing or evidence that the Court may

11 request.

12      Dated:      April 7, 2014             ROBERT M. SCHWARTZ
                                              CASSANDRA L. SETO
13                                            BRIAN J. FINKELSTEIN
                                              O'MELVENY & MYERS LLP
14
                                              MARC A. BECKER
15                                            QUINN EMANUEL URQUHART
                                                 & SULLIVAN, LLP
16

17

18      By: _____
                    Robert M. Schwartz
19             Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

## I.   **INTRODUCTION**

Plaintiffs seek *ex parte* relief in the form of expedited, but focused discovery to protect their longstanding rights in the iconic James Bond character, literary works, and twenty-three produced motion pictures.  Last fall, defendant Universal acquired rights to a screenplay by defendant Aaron Berg, titled *Section 6*, which is a *James Bond* work in all but name.  Plaintiffs promptly asked Universal to stop its development of *Section 6*, detailing dozens of ways it infringes plaintiffs' copyrights, including by lifting characters, plots, dialogue, themes, and other key elements from the *James Bond* literary works and motion pictures, as well as the unique combination of those elements found only in *James Bond* works.  Universal responded that it had not yet decided to exercise its right to option the *Section 6* screenplay, that if it did, the screenplay would be "significantly" revised, and that any litigation would be, to quote Universal's response, "premature."  In reliance on Universal's representations, plaintiffs elected not to take legal action at that time. Plaintiffs asked Universal, if it went forward with a *Section 6* motion picture, to provide plaintiffs with any revised screenplay so plaintiffs could determine whether it violated their rights.

As explained in plaintiffs' April 3, 2014 complaint, more recent public reports have revealed that Universal is proceeding with a *Section 6* motion picture and has already hired a lead actor, director, and four producers.  In response to these reports, on March 26, 2014, plaintiffs asked Universal to provide—on a confidential, attorneys-eyes-only basis—the screenplay it showed the actor, director, and producers to interest them in working on the project, and to also provide, if different, the most recent version of the screenplay or a description of Universal's planned revisions.  On March 31, Universal refused.  It also refused to stop further development of the motion picture.

Universal's refusal to provide any exculpatory information supports the conclusion that defendants' screenplay does, in fact, continue to infringe plaintiffs'

*James Bond* copyrights and that, by proceeding with the development and production of defendants' *Section 6* motion picture, defendants will cause plaintiffs irreparable harm.

The targeted discovery plaintiffs seek from defendants on an expedited basis will inform the Court and plaintiffs as to whether it is necessary to issue a preliminary injunction to stop production and distribution of the *Section 6* motion picture. Given Universal's refusal to provide information about the on-going project, plaintiffs need expedited discovery to determine the imminence of harm (*i.e.*, Universal's timeline for producing and distributing *Section 6*) and the extent of Universal's current infringement (*i.e.*, the content of the screenplay).

To that end, plaintiffs submit herewith their proposed document requests and deposition notices on these and related issues. Plaintiffs also submit their proposed written interrogatories, which largely seek the identification of potential witnesses for deposition and the dates on which defendants may commence production and later release the infringing derivative work to United States audiences. On April 3, 2014, plaintiffs emailed advance copies of the proposed discovery to defendants' attorneys. *See* Schwartz Decl. ¶ 2.

Plaintiffs respectfully request that the Court order the following expedited discovery: (1) the parties to participate in a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) within 28 days of the date of the Court's order, and file a Rule 26(f) report within 14 days thereafter, (2) defendants to respond to, and produce responsive documents and information sought by, plaintiffs' discovery requests within 30 days of the date of the Court's order, and (3) defendants Universal and Berg to sit for limited depositions within 14 days after producing responsive documents and information.

This initial discovery does not constitute all of the discovery plaintiffs will need to prepare their claims for trial, or even necessarily for provisional relief. But it is the logical and efficient place to start and, in light of Universal's refusal to

provide any information about the operative *Section 6* screenplay, it should be commenced and completed as soon as possible.

In fact, if Universal believes that its *Section 6* project does not infringe plaintiffs' *James Bond* copyrights, Universal should be eager to provide the expedited discovery plaintiffs seek.

## II.   THERE IS GOOD CAUSE FOR EXPEDITING DISCOVERY

While Federal Rule of Civil Procedure 26(f) generally requires the parties to meet and confer before commencing discovery, "[d]istrict courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of 'good cause.'"   *AF Holdings LLC v. Doe*, 2012 WL 1910452, at *2 (E.D. Cal. May 25, 2012).   Good cause exists where, as here, "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."   *Id.*   Courts have "frequently" found good cause in cases involving an infringement claim or request for injunctive relief.   *Semitool*, 208 F.R.D. at 276-77; *see also Metro-Goldwyn-Mayer*, 900 F. Supp. at 1292 (issuing preliminary injunction after expedited discovery allowed plaintiff to demonstrate infringement of its *James Bond* copyrights); *MAI Sys. Corp. v. Peak Computer, Inc.*, 1992 U.S. Dist. LEXIS 21829, at *18 (C.D. Cal. Apr. 15, 1992) (ordering expedited discovery on copyright infringement claim).   This case involves both.

### A.   Plaintiffs Need Limited, Expedited Discovery To Determine If A Preliminary Injunction Is Warranted.

Infringement of an exclusive copyright interest can cause substantial and irreparable harm to the copyright owner.   *See Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 942, 948-49 (N.D. Cal. 2009) (granting preliminary injunction for copyright infringement), *affirmed by,* 658 F.3d 1150 (9th Cir. 2011) (granting permanent injunction).   In this case, plaintiffs face irreparable harm if defendants produce and distribute a motion picture based on their infringing *Section 6*

1   screenplay, particularly if, as may happen here, defendants release their infringing

2   work at the same time plaintiffs release the next *James Bond* motion picture.

3   Moreover, in tandem with a motion pictures' screenplay development—particularly

4   for one that, as is the case with *Section 6*, the studio reportedly plans to turn into a

5   franchise with multiple sequels—business units throughout the studio make plans

6   for distribution, licensing of rights for merchandising, product placement, cross-

7   promotions with third parties (*e.g.*, restaurant chains, clothing companies, and car

8   manufacturers),  novelizations, and other forms of exploitation.  The scope of

9   Universal's potential infringing activity thus extends far beyond just the infringing

10  motion picture, and the threat of enormous injury to plaintiffs will only grow over

11  time.  Plaintiffs therefore need expedited discovery to determine whether and to

12  what extent the current version of the *Section 6* screenplay now in development

13  infringes their *James Bond* copyrights.

14      To that end, plaintiffs' document requests seek documents concerning:

15  (1) whether Universal has made any material changes to the version of the *Section 6*

16  screenplay that plaintiffs read last November, (2) Universal's timetable for

17  production and release of its *Section 6* motion picture, (3) documentary admissions

18  from defendants (and from others to whom they have given copies of the *Section 6*

19  screenplay) that the screenplay misappropriates protectable elements of plaintiffs'

20  *James Bond* works, and (4) related issues.  Schwartz Decl. Exs. A, B, C.

21      Plaintiffs' proposed interrogatories seek: (1) the dates on which Universal

22  plans to start production and theatrically release the *Section* 6 motion picture,

23  (2) the names of Universal personnel who made the decision to acquire the

24  *Section 6* screenplay and who will decide when it goes into production, (3) the

25  names of Universal personnel and any third parties working on the screenplay itself,

26  (4) the names of each studio or production company to whom Berg or his designee

27  sent the screenplay, and (5) related information.  Schwartz Decl. Exs. D, E, F.

28

*EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY

Plaintiffs seek to depose: (1) defendant Universal on the topics set forth in plaintiffs' Notices of Deposition (*see* Schwartz Decl. Exs. G and H), concerning (a) the current content of defendants' *Section 6* screenplay, including any revisions that have been made since October 2013 and any revisions defendants plan to make and (b) dates on which defendants' motion picture based on the *Section 6* screenplay may or will commence production and may or will be initially released to the public in the United States, and (2) defendant Berg on the content of the screenplay, including any revisions that have been made since October 2013 and any revisions defendants plan to make.  *See* Schwartz Decl. Ex. I.[1]

Defendants cannot reasonably dispute that plaintiffs are entitled to this discovery, as it goes to the core of plaintiffs' copyright infringement claims. *Metro-Goldwyn-Mayer*, 900 F. Supp. at 1297 (evidence of substantial similarity between works and defendant's access to copyrighted work central to infringement claim); *see also Kimbell v. Rock*, 2009 U.S. Dist. LEXIS 97052, at *10 (C.D. Cal. Oct. 8, 2009) (ordering expedited discovery to enable plaintiff to obtain allegedly infringing script to prepare for preliminary injunction hearing—even though plaintiff was unlikely to prevail).  The only issue is one of timing—whether it makes sense "to provide immediate access to the requested discovery rather than postponing its ultimate production." *Semitool*, 208 F.R.D. at 276.

Under the applicable discovery rules, plaintiffs may not propound document requests and interrogatories, or schedule depositions, until after the Rule 26 early meeting of counsel.  That meeting is tied to the date the Court sets for the initial case management conference, but that date has not been set, and in the ordinary course, it will not likely occur for several months.  Plaintiffs seek to commence limited discovery now and also  request that the Court require the parties to

---

[1] Given the limited scope of these depositions, plaintiffs reserve their rights to take more complete depositions later in the case. *See* FED. R. CIV. P. 30(d)(1) (Court "must allow additional time ... if needed to fairly examine the deponent").

1  participate in the Rule 26(f) conference within 28 days of the date of the Court's

2  order and file their Rule 26 report to the Court 14 days thereafter.  This will further

3  expedite the discovery process.  Courts regularly order expedited discovery on

4  considerably shorter timelines.  *See SEC v. Private Equity Mgmt. Grp., LLC*, 2009

5  U.S. Dist. LEXIS 125122, at *19 (C.D. Cal. Apr. 27, 2009) (expediting discovery

6  and allowing two business days' notice for document requests and depositions and

7  five calendar days for interrogatories); *Posdata Co. v. Seyoung Kim*, 2007 U.S.

8  Dist. LEXIS 48359, at *28 (N.D. Cal. June 27, 2007) (expediting discovery and

9  shortening deadline to respond to document requests and interrogatories to 14 days

10  and depositions for witnesses under control of the party to 10 days); *Semitool*, 208

11  F.R.D. at 276, 278 (expediting discovery by 21 days and shortening defendants'

12  deadline to respond to document requests to 20 days).

13  **B.    Defendants Would Not Be Prejudiced By Expedited Discovery.**

14  Defendants will suffer no prejudice in having to respond to plaintiffs'

15  expedited discovery.  The interrogatories ask for two dates and the names of

16  persons involved in or with knowledge of events at the core of this case, all of

17  which occurred within the last few months.  Plaintiffs' document requests are also

18  limited, *see supra* at 4, and the documents should be easily located without undue

19  burden.  Moreover, defendants have been on notice that plaintiffs were seeking

20  these types of documents since last fall.  In November, plaintiffs asked that, if

21  Universal decided to proceed with a *Section 6* motion picture, it "promptly provide

22  us with a copy of the then-current screenplay so that we [could] determine whether

23  it violate[d] MGM and Danjaq's rights."  Schwartz Decl. Ex. J at 72.  "[P]re-

24  litigation disclosure requests" like this weigh in favor of expedited discovery.

25  *Semitool*, 208 F.R.D. at 276-77.

26  To the extent Universal is concerned about keeping the contents of the

27  *Section 6* screenplay confidential, plaintiffs offered in their March 26 request to

28  review the screenplay on an attorneys-eyes-only basis.  Schwartz Decl. Ex. K at 73.

Universal refused this offer.  Schwartz Decl. Ex. L.  Plaintiffs remain willing to stipulate to treating the *Section 6* script as "attorneys-eyes-only" until the Court enters a formal protective order to govern discovery in the case.

**III.    CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court grant their *ex parte* application for expedited discovery and enter their proposed order.

Dated:      April 7, 2014                         Respectfully submitted,

ROBERT M. SCHWARTZ
CASSANDRA L. SETO
BRIAN J. FINKELSTEIN
O'MELVENY & MYERS LLP

MARC A. BECKER
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP

By: _____
                          Robert M. Schwartz
Attorneys for Plaintiffs