UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANJAQ LLC, et al.<br><br>    Plaintiff(s),<br><br>    v.<br><br>UNIVERSAL CITY STUDIOS LLC, et al.<br><br><br>    Defendant(s). | CASE NO:<br>2:14–cv–02527–SJO–E<br><br><br>**INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE S. JAMES OTERO** |

**READ THIS ORDER CAREFULLY.**

**IT CONTROLS THIS CASE AND DIFFERS**

**IN SOME RESPECTS FROM THE LOCAL RULES**

- Plaintiff(s) must immediately serve this Order on all Defendant(s), along with the Summons and Complaint.

- If this case was assigned to this Court after being removed from state court, the Defendant(s) who removed the case must serve this Order on all other parties.

This case has been assigned to the calendar of Judge S. James Otero. To secure the just, speedy, and inexpensive determination of this action, counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure

("Fed. R. Civ. P.") and the Local Rules ("L.R.") of the Central District of California.

In an effort to provide further guidance to the parties, the Court notes the following:

1.   **Court Hours:**  Civil motions are heard on Mondays at 10:00 a.m., unless the Court orders otherwise. (If Monday is a holiday, the next motion date is Tuesday following the holiday.) It is not necessary to clear a motion date. Do not call the clerk to reserve a hearing date; comply with Local Rules.

2.   **Location:**  Judge Otero's courtroom is: Courtroom 1, United States District Court, 312 North Spring Street, 2nd Floor, Los Angeles, California 90012.

3.   **E−Filing of Civil Cases:**  E−filing is **mandatory** for all new and pending civil cases except as provided in L.R. 5−4.2. The Court adheres to the e−filing practices of the Central District of California (see http://support.cacd.uscourts.gov) with **two important exceptions**:

   a.   The deadline to e−file a document is 4:00 p.m.; any document e−filed after 4:00 p.m. will be deemed filed on the next court day.

   b.   For every e−filed motion and ex parte application, the moving party must e−mail the Court at **Judge Otero's generic e−mail address** (**SJO_Chambers@cacd.uscourts.gov**) a Word or WordPerfect version of the proposed order, pursuant to the e−filing rules in General Order 10−07.

4.   **Mandatory Chambers Copies:**  Mandatory chambers copies are required only for e−filed documents. One mandatory chambers copy must be delivered the chambers copy box located at the door of Courtroom 1, by <u>12 noon the day after the document was e−filed</u>. This mandatory chambers copy must be blue−backed and two−hole punched as if it were a manual filing, and the caption page must indicate the date and time the document was e−filed (place date and time of filing below title of filing on the caption page). <u>All original filings not subject to the e−filing requirements are to be filed at the filing</u>

window (Clerk's Office, Room G–19, Spring Street Courthouse), <u>NOT in</u> <u>chambers and NOT in the courtroom.</u>

5. **Telephone Inquiries:**  Telephone inquiries regarding the status of a motion, stipulation, or proposed order are not returned. Do not call the clerk to check the docket. Counsel may sign up for PACER access to monitor the clerk's database.

6. **Communications with Chambers:**  Counsel are not to initiate telephone calls to Judge Otero's chambers, law clerks or assistant. Counsel may access the Court's website (www.cacd.uscourts.gov) for Local Rules, filing procedures, **judges' procedures** and schedules, calendars, forms and PACER access. Additional questions can be resolved by accessing the Western Division 24–hour automated calling system ((213) 894–1565) or the case docket. Only in the event that counsel cannot find the desired information through all available resources, counsel may contact the Courtroom Deputy Clerk, Victor Cruz, by telephone at (213) 894–1796 or by e–mail at victor_cruz@cacd.uscourts.gov.

7. **Service of Pleadings:**  Plaintiff must promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file proof of service pursuant to L.R. 5–3. Any defendant not timely served will be dismissed from the action. Any "DOE" or fictitiously named defendant who is not identified and served within 120 days after the case is filed will be dismissed pursuant to Fed. R. Civ. P. 4(m).

8. **Assignment to a Magistrate Judge:**  Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial. Magistrate judges who accept those designations are identified on the Central District's website, which also contains the consent form.

9. **ADR Pilot Program:**  If counsel have received a "Notice to Parties of ADR Program"), please refer to General Order 11–10 for further information.

The ADR section also contains Attorney Settlement Officer Information.

**10.**  **Temporary Restraining Orders and Injunctions:**  Parties seeking emergency or provisional relief must comply with Fed. R. Civ. P. 65 and L.R. 65.

**11.**  **Calendar Conflicts:**  If there is a calendar conflict, counsel are to inform the Courtroom Deputy Clerk as soon as possible prior to the date of the conflict and are to follow the Local Rules and Federal Rules of Procedure.

**12.**  **Transcripts:**  To order a transcript, e−mail the Court Recording Department at courtrecording_cacd@cacd.uscourts.gov. The Court uses a court recorder, Margarita Ramirez. Margarita Ramirez may be reached at (213) 894−2717.

**13.**  **Interpreters:**  Obtaining the services of a certified interpreter on a civil case is the responsibility of counsel. For further information, call (213) 894−4599.

**14.**  **Motions to Reconsider:**  L.R. 7−18 is strictly enforced.

**15.**  **Actions Invoking Subject Matter Jurisdiction Based on Diversity:**  The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof.

To determine a corporation's "principal place of business" for the purposes of diversity jurisdiction, the Court will apply the "nerve center" test, which was adopted by the U.S. Supreme Court *Hertz Corp. v. Friend,* 559 U.S. 77 (2010). The "nerve center" test looks to the single location where the "corporation's high level officers direct, control, and coordinate corporation's activities." *Id.* at 80. The "nerve center" will typically be the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings. *Id.* at 81. For the purposes of simplicity and clarity in jurisdictional matters, the Court has abandoned previous Circuit tests that required complex balancing factors and whose outcomes were difficult to predict. *Id.* at 89−96.

If a party seeks to remove an action to this Court on the basis of diversity in a case where it is not clear from the Complaint that more than $75,000 is in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court will consider facts presented in the removal petition as well as any summary–judgment–type evidence relevant to the amount in controversy at time of removal. *Id.* Conclusory allegations as to the amount in controversy are insufficient. *Id*.

Parties must file an Amended Complaint or Notice of Removal within **fifteen days from the date the action is assigned to Judge Otero** if there is a doubt as to whether they have met the test outlined in *Hertz*, whether they have otherwise established the citizenship of the parties, or whether they have established the amount in controversy. Failure to comply may result in dismissal or remand.

**16.** **Timing of Motions:**  Parties must strictly comply with L.R. 6–1, 7–9, and 7–10.

**17.** **Scheduling Conference:**  Scheduling conferences are held as soon as practicable and not later than 180 days from the filing of the Complaint. Trial counsel must be present.

Counsel must timely comply with Fed. R. Civ. P. 26(f) and file a Joint Rule 26(f) Report within ten days after they meet and confer. The Report must, in addition to addressing the matters specified in Rule 26(f), set forth the parties' views regarding:

a.    A cut–off date for the completion of discovery and the hearing of motions, a final pretrial conference date, and a trial date;

b.    Whether discovery should be conducted in phases or otherwise ordered or limited;

    c.   An estimate of the length of trial;

    d.   Efforts made to settle or resolve the case to date, and the parties'
plans for maximizing settlement prospects;

    e.   Whether the case is complex or requires a reference to the procedures
set forth in the Manual on Complex Litigation;

    f.   The likelihood of the appearance of additional parties;

    g.   Dispositive or partially dispositive motions the parties are likely to file;

    h.   Any unusual legal issues presented by the case; and

    i.   Proposals regarding severance, bifurcation or other ordering of proof.

**The Court does not hold telephonic conferences**.

**18.**   **Patent Cases – Scheduling Conference and Adoption of Local Rules:**

    a.   <u>Applicability of the Northern District of California Patent Local Rules</u>:
The parties are encouraged to use the Northern District of California
Patent Local Rules ("P.L.R.") only in complex cases such as those those
involving computer technology, pharmaceuticals, or cases involving
Ph.D.–level skill. Parties must state in the Joint Rule 26(f) Report
whether the parties have agreed to abide by the P.L.R. If the parties
do not agree to use the P.L.R. or disagree only to the time line included
therein, they must state their positions for disagreement in the Joint
Rule 26(f) Report. In any case, the ultimate decision regarding all
scheduling matters, including whether to apply the P.L.R., lies with the
Court. The Court will take into consideration several factors, such as:
number of patents at issue; number of claims asserted; number of
likely disputed claims and the ease with which the parties can identify
the claim language that will resolve their dispute; and complexity of
the technology.

    b.   <u>Claim Construction Hearings</u>: The Court may hold claim construction
hearings and hear argument from counsel. However, the Court

generally does not hear expert testimony at claim construction hearings.

    c.    <u>Joint Claim Construction Chart</u>: The joint claim construction chart must be in a three−column format.

    d.    <u>Time Line for Patent Cases Not Using Patent Local Rules</u>: For cases in which the Court has elected not to use the P.L.R., the parties must include proposed deadlines in the Rule 26(f) Report, including expert report dates, discovery cut−off dates and a date for the claim construction hearing.

    e.    <u>Time Line for Patent Cases Using Patent Local Rules</u>:For cases in in which the Court has elected to use the P.L.R., parties must include proposed deadlines in the Rule 26(f) Report. Parties may find the following list of suggested deadlines and dates helpful in writing their Rule 26(f) Report:

    (1)    One month after the Complaint is filed, the "Disclosure of Asserted Claims and Infringement Contentions" under P.L.R. 3−1 is to be served on all parties.

    (2)    Three months after the Complaint is filed is the deadline to amend the pleadings to add and serve new parties, to bring third−party claims or to bring cross−claims.

    (3)    Four months after the Complaint is filed, the "Invalidity Contentions" under P.L.R. 3−3 is due.

    (4)    Six months after the Complaint is filed, the "Joint Claim Construction Chart and Prehearing Statement" under P.L.R. 4−3 is due.

    (5)    Seven months after the Complaint is filed, claim construction discovery, both fact and expert, is to be completed.

    (6)    Discovery with regard to damages begins the day after the fact and expert discovery for the claim construction is due.

(7)   Eight months after the Complaint is filed, the plaintiff's claim construction opening brief is due. Defendant's claim construction opposition is due two weeks after the opening brief is due and the plaintiff's claim construction reply is due two weeks after the opposition is due.

(8)   No sooner than one day after the Court's ruling on claim construction but no later than ten months after the filing of the Complaint, the "Final Infringement Contentions" are due, along with any motion for summary judgment regarding infringement.

(9)   No sooner than after the "Final Infringement Contentions" are filed but no later than eleven months after the filing of the Complaint, the "Final Invalidity Contentions" are due, along with any motion for summary judgment regarding invalidity or unenforceability or non−infringement.

(10)   Eleven months after the filing of the Complaint is the motion cut−off date for all motions other than motions for summary judgment on infringement.

(11)   Eleven months after the Complaint is filed all discovery must be completed.

(12)   One week before the trial, the pretrial conference will be held.

(13)   Fourteen months after the filing of the Complaint, the trial will commence.

**19.**   **Discovery:**  Discovery motions and applications for discovery protective orders must be scheduled before the magistrate judge assigned to the case.

a.   <u>Non−Expert Discovery</u>: All expert / non−expert discovery must be **completed** by the discovery cut−off set by the Court. Any motion challenging the adequacy of discovery responses must be calendared sufficiently in advance of the cut−off date to permit any compelled

responses to be obtained before that date.

b.  Non–Expert Depositions: All depositions must commence sufficiently in advance of the discovery cut–off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut–off date. Given the requirements of notice and "meet and confer," this means that in most cases a planned motion to compel must be discussed with opposing counsel approximately six weeks before the cut–off.

c.  Written Discovery: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut–off to enable the discovering party to challenge (via motion) deficient responses.

d.  Discovery Motions: Parties are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. Absent resolution, the magistrate judge assigned to the case will rule on on discovery motions. The Court requires compliance with L.R. 37–1 through 37–4 in the preparation and filing of discovery motions. Any review of a magistrate judge's discovery order must proceed by way of noticed motion under L.R. 7–4. The decision of the magistrate judge judge is final. The Court will not reverse any such order, including one imposing sanctions, unless the moving party demonstrates that the magistrate judge's order "is clearly erroneous or contrary to law." A motion for review and reconsideration must be filed and served within ten days of a written ruling or within ten days of an oral ruling that the magistrate judge states will not be followed by a written ruling.

e.  Expert Discovery: The parties must meet and confer and agree upon expert disclosure dates as required by Fed. R. Civ. P. 26(a)(2). All disclosures must be made in writing. The parties should commence

expert discovery shortly after the initial designation of experts,

because the final pretrial conference and trial dates will not be

continued merely because expert discovery is still underway.

20.     **Motions and Motion Cut−Off Date:**

a.      <u>Meet and Confer Requirement</u>: For all cases not exempt under L.R.

16−12, and except in connection with discovery motions, applications

for temporary restraining orders, or preliminary injunctions, counsel

contemplating filing of any motion, shall first contact opposing counsel

to "discuss thoroughly, preferably in person, the substance of the

contemplated motion and any potential resolution." L.R. 7−3. The

Court construes this requirement strictly. Half−hearted attempts at

at compliance with this rule will not satisfy counsel's obligation. The

parties must discuss the substantive grounds for the motion and attempt

to reach an accord that would eliminate the need for the motion. The

Court strongly emphasizes that under L.R. 7−3, discussions of the

substance of contemplated motions are to take place, if at all possible,

<u>in person</u>. Only in exceptional cases will a telephonic conference be

allowed. All motions must include a declaration by counsel briefly

describing the parties' discussion and attempt to eliminate the need

for the motion and the date of such discussion. Filings not in compliance

with L.R. 7−3 will be denied.

b.      Documents exempted from electronic filing pursuant to L.R. 5−4.2

must be filed at the filing window (Clerk's Office, Room G−19, Spring

Street Courthouse). If mailing a civil filing, direct documents to:

Filing Window, Civil Section, Clerk's Office, Room G−19, 312 North

Spring Street, Los Angeles, California 90012.

c.      All law and motion matters, except for motions in limine, must be set

for hearing (not filing) by the motion hearing cut−off date. Issues left

undetermined after passage of the cut−off date should be listed as issues for trial in the final pretrial conference order. As an exception, motions in limine dealing with evidentiary matters will be heard (at the Court's discretion) at the start of trial; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

d.   **Local Rule 7 governs the form of motions**. *See generally L.R. 7*. If a party does not oppose a motion, that party must file a statement of non−opposition. L.R. 7−16. Failure to meet the time limits set forth in L.R. 7 may be deemed consent to the granting of the motion. L.R. 7−12. The Court will not decide late−filed motions, and a party or counsel who files such late papers may be subject to sanctions under L.R. 7−13. Reply papers are limited to argument and authorities responsive to the opposition papers. The Court will not address new matter that was improperly introduced.

21.   **Motions – Form and Length:**  All pleadings must comply with L.R. 11, except that no memorandum or points and authorities or opposition may exceed twenty pages, excluding indices and exhibits, unless permitted by the Court. No reply may exceed five pages.

a.   <u>Summary Judgment Motions</u>: Parties need not wait until the motion cut−off to bring motions for summary judgment or partial summary judgment. The moving party is expected to provide more than the minimum twenty−eight day notice. Because these motions are fact−dependent, parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., tables of contents, headings, indices). The parties are to comply precisely with L.R. 56−1 through 56−3.

b.   Without prior permission of the Court, no party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such

motion is denominated as a motion for summary judgment or summary adjudication.

c.  Statement of Undisputed Facts and Statement of Genuine Issues: The separate statement of undisputed facts must be prepared in a two–column format. The left–hand column sets forth the allegedly undisputed fact. The right–hand column sets forth the evidence that supports the factual statement. The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which must follow the format described above for the moving party's separate statement.

d.  Supporting Evidence: Supporting evidence should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony of a witness who can establish authenticity.

e.  Objections to Evidence: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued argued in that document.

f.  Oral Argument: If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

g.  Tentative Rulings: The Court does not issue tentative rulings.

h.  Amici Status: The Court has broad discretion to appoint amicus curiae. Interested parties must request leave of the Court before filing an amicus brief, by showing:

(1)    That they have a "special interest" in the case;

(2)    That this interest is not represented competently or at all;

(3)    That they present information that is both timely and useful; and

(4)    That they are not partial to a particular outcome of the case.

**22.    Requests for Extensions of Time to File Documents or Dates:**

The deadlines and requirements set by the Court are firm. No stipulations extending scheduling requirements or modifying applicable rules are effective effective unless and until approved by the Court. Applications and stipulations must set forth:

a.    The existing due date or hearing date;

b.    Specific, concrete reasons supporting good cause for granting the extension. A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations (i.e., Have written proposals been exchanged? Is counsel reviewing a draft settlement agreement? Has a mediator been selected?); and

c.    Whether there have been prior requests for extensions, and whether were granted or denied by the Court.

The pretrial conference and trial dates will not be continued solely because the parties are in the process of settling or have "settled." If the parties wish to avoid the pretrial conference or trial, a valid stipulated dismissal under Fed. R. Civ. P. 41 must be filed at least one court day in advance.

**23.    Ex Parte Applications:**  Ex parte applications are discouraged. *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Strictly comply with L.R. 7–19. Ex parte applications are not noticed for any date or time certain. If a hearing is necessary, the Courtroom Deputy Clerk will contact counsel.

**24.    Settlement:**  L.R. 16–15 requires the parties to participate in one of the

settlement procedures set forth in the Rule. The settlement conference must be concluded not later than thirty days before the pretrial conference. The Court may hold and preside over the settlement conference in certain cases. The Court on its own motion may set a settlement conference at any time following the scheduling conference. If the settlement conference is set before this Court, the parties must comply with L.R. 16–15.5.

**25. Procedures for Settlement Conferences Held Before Judge Otero:**

    a.    <u>Settlement Conference Briefs</u>: The parties must submit confidential settlement conference briefs to chambers in accordance with LR 16–15.5(a) **five days** before the conference, and must exchange non–confidential with all other parties of record. Each confidential settlement conference brief must contain:

        (1)    A summary of the important issues and the party's position on each issue;

        (2)    A summary regarding damages in a non–conclusory form; and

        (3)    A summary on the course of any prior settlement negotiations.

    The brief must be concise, and large numbers of exhibits may not be appended. Proposals for settlement and counsel's evaluation of the case not yet communicated to opposing counsel must be included in the confidential settlement letter.

    b.    <u>Persons Present</u>: All persons whose consent is necessary to conclude settlement must be present at the settlement conference. Counsel are responsible for ensuring that all persons and parties are present.

    c.    <u>The Conference</u>: The Court will confer with the attorneys and representatives jointly and separately. Each party must be prepared to negotiate for as long as prospects of settlement are not foreclosed. The Court may confer with the parties in the presence of their attorneys. If settlement is reached, it will be placed on the record at the conclusion

of the conference

**26.**   **Trial Preparation:**

a.   <u>Pretrial Conference and LR. 16 Filings</u>:

The final pretrial conference ("PTC") will be held at 9:00 a.m. on the date set by the Court, unless expressly waived by the Court at the scheduling conference. The lead trial attorney on behalf of each party must attend the PTC and all meetings in preparation thereof. A continuance of the PTC at parties' request or by stipulation is unlikely. Failure to complete discovery is not a ground for continuance.

At the PTC, parties should be prepared to discuss means of streamlining the trial, including: bifurcation; presentation of foundational and non−critical testimony by deposition excerpts, narrative summaries and stipulations as to the content of testimony; and qualification of experts by admitted resumes. The Court will also discuss settlement.

If counsel fail to file the required pretrial documents or fail to appear at the PTC and such failure is not otherwise satisfactorily explained to the Court: (a) the case will be dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment will be entered, if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate. Failure of counsel to strictly follow the provisions of this Order may subject the non−complying party and its attorney to sanctions and may constitute a waiver of jury trial.

b.   <u>Pretrial Documents Must Comply with the Local Rules</u>:

(1)   <u>Pretrial Conference Order ("PTCO")</u>: The [Proposed] PTCO must be lodged seven calendar days before the PTC. Parties are to consult Appendix A to the Local Rules in preparing the PTCO. In addition, parties must heed the following:

(a)   Include a table of contents at the beginning of the PTCO.

(b)   Place in "all caps" and in "bold" the separately numbered

headings for each category in the PTCO

(e.g., "1. **THE PARTIES**").

(c)   In specifying the surviving pleadings under section 1 of

Appendix A, state which claims or counterclaims have

dismissed or abandoned (e.g., "Plaintiff's first cause of

action for fraud has been dismissed.") In multiple party

cases where not all claims will be prosecuted against all

remaining parties on the opposing side, specify to which

party each claim is directed.

(d)   In drafting the PTCO, the parties must attempt to agree

on and set forth as many uncontested facts as possible.

These facts are usually read to the jury at the start of

A carefully drafted stipulation of facts will reduce the

length of trial and increase jury understanding of the case.

(e)   In drafting the factual issues in dispute for the PTCO,

the parties must state issues in ultimate fact form, not

in the form of evidentiary fact issues. The issues of fact

should track the elements of a claim or defense on which

the jury will be required to make findings.

(f)   Issues of law should state legal issues on which the Court

will be required to rule during the trial, and should not

list ultimate fact issues to be submitted to the trier of fact.

(2)   <u>Memoranda of Contentions of Fact and Law</u>: Not later than

twenty–one days in advance of the PTC, each party must

serve and file a memorandum of contentions of fact and law

containing a summary of the parties' basic factual contentions

supported by legal authority in the form of a legal brief. L.R. 16–4.

impeachment purposes and those which the party may offer if
the need arises. The list must be substantially in the form
indicated by the following example:

Case Title: _____ Case No.: _____

*Exhibit No.    Description    Date Identified    Date Admitted*

(3)    <u>Joint Witness List</u>: Not later than twenty–one days in advance of
the PTC, the parties must submit a joint witness list in accordance
with L.R. 16–5, except that the parties need not submit separate
witness lists. The joint witness list must identify:

(a)    All witnesses who will actually testify at trial. Failure to
include the name of a witness may preclude a party
from calling that witness.

(b)    <u>Trial Witness Estimate</u>: The witness list and summary
must give accurate time estimates for each witness to
conduct direct, cross, re–direct, and re–cross. Counsel
must include a summary of the testimony of each
witness. If more than one witness is offered on the same
subject matter, each summary must enable the Court to
determine if the testimony is cumulative.

(c)    <u>Expert Witnesses</u>: An expert witness's direct testimony
must consist of a description of the expert's background
and contents of her Rule 26 Report.

(4)    <u>Joint Exhibit List</u>: Not later than twenty–one days in advance
of the PTC, the parties must submit a joint exhibit list in
accordance with L.R. 16–6.1 and Fed. R. Civ. P. 26(a)(3)(A)(iii).
The list must also include an appropriate identification of each
document or exhibit which the party expects to offer for
Counsel must meet and confer and stipulate to authenticity and

other foundational objections. Place exhibits in binders with each exhibit properly marked and tabbed.

(5)    Pretrial Exhibit Stipulation: The parties must prepare a pretrial exhibit stipulation containing each party's numbered list of all trial exhibits, with objections to each exhibit and the offering party's response. All exhibits to which there is no objection will be admitted. All parties must stipulate to the authenticity of exhibits whenever possible. Identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the parties' failure to stipulate. The stipulation must be in the following form:

*Plaintiff's Exhibits*:

*Exhibit No.    Description    If Objection, State Grounds    Response to Objection*

*Defendant's Exhibits*:

*Exhibit No.    Description    If Objection, State Grounds    Response to Objection*

The pretrial exhibit stipulation must be filed at the same time counsel lodge the PTCO. Failure to so comply may constitute a waiver of all objections.

(6)    Motions in Limine are Heard the First Day of Trial and Must Conform to the Local Rules and the Following Format:

(a)    The parties must file any motions in limine thirty–five days before the trial date. Any opposition must be filed seven days thereafter. Any reply must be filed seven days there– after. In addition, five court days before the PTC, each party must deliver to chambers a three–ring binder of its motions in limine, together with the objections and replies.

(b)    If any of the issues addressed in said motions were raised in prior proceedings, counsel are to identify the proceedings

and relevant pleadings.

    (c)    The binders must be clearly marked as to their content (e.g., Plaintiff's Motions in Limine Nos. 1–9) and each must be separated by marked dividers, identifying the particular motion. The spine of each binder must include the case name and number as well as the content of the binder.

    (d)    Binders should <u>only contain the points of law</u>, no declarations.

    (e)    Points and authorities, including motions in limine, may not exceed ten pages. Opposition to points and authorities may not exceed ten pages. Replies to points and authorities may not exceed five pages.

    (f)    In lodging deposition transcripts, counsel must stipulate to their authenticity.

(7)    <u>Jury Instructions and Verdict Forms</u>: At the PTC, counsel must the text of each jury instruction in two sets.

    (a)    Set one consists of instructions that all parties agree should be submitted to the jury, and includes general and substantive instructions, a verdict form, and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. Parties should also submit standard and general instructions.

    (b)    Set two consists of instructions that are objected to. Proposed special verdict forms are to be included. This second set must include a joint statement regarding the disputed instructions, verdicts and interrogatories. In the

joint statement, place the text of the disputed instruction (or verdict or interrogatory) with an identification of the party proposing it. Following that text, place the opposing party's statement of objections with legal authority in support thereof (one page or less) and proposed alternative language if appropriate. The entirety of the objection must be typed in capital letters.

(c)     A table of contents must be included with all jury instructions submitted to the Court. The table of contents must set forth: (i) the number of the instruction; (ii) a brief title of the instruction; (iii) the source of the instruction; and (iv) the page number of the instruction. For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| (1) | (Burden of Proof) | (cite) | (5) |

(d)     The Court prefers counsel to use instructions from the Manual of Model Jury Instructions for the Ninth Circuit where applicable. Where California law is to be applied, the Court requires counsel to use the State of California Judicial Council Approved Civil Jury Instructions.

(e)     Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

(8)     Joint Statement of the Case and Voir Dire: The Court conducts voir dire. At the PTC, the parties must submit separate proposed voir dire questions and a one page joint statement of the case, which is read to the jury pool. The parties need not submit requests for standard voir dire questions, but should include

only proposed questions specifically tailored to the parties and issues of the case.

(9)   Real–Time Reporting Requirement: At the PTC, each party must submit to the Deputy Clerk a typed list of proper names, unusual or scientific terms, or any other uncommon words that are likely to be used during the trial.

c.   Bench Trial:

(1)   Findings of Fact and Conclusions of Law: The parties must lodge their proposed findings of fact and conclusions of law no later seven days before trial and deliver to chambers a digital copy of of these findings in WordPerfect format. L.R. 52–1.

(2)   Narrative Statements: The judge requires that the direct testimony of a witness be presented by written narrative statement subject to cross–examination at trial, to be adopted by the witness orally in open court, unless such requirement is waived. L.R. 43–1.

d.   **Installation of Equipment**: If counsel need to arrange for installation of their own additional equipment, such as video monitor, overhead projector, etc., refer to the Court website (www.cacd.uscourts.gov) so that necessary arrangements can be made. Electronic Evidence Presenter reservations/ tutorials may be made through the Courtroom Technology Help Desk at (213) 894–3061.

e.   **Voluminous Exhibits**: Arrangements for bringing voluminous exhibits into the courtroom may be made through the Space and Facilities Help Desk. at (213) 894–1400.

**27.   Instructions Governing Procedure During Trial:**

a.   Civil trials are held Monday through Friday from 8:30 a.m. to 11:30 a.m. and from 1:00 p.m. to 4:00 p.m.

b.  Opening statements, examination of witnesses, and closing arguments should be made from the lectern only.

c.  Counsel shall not refer to their clients or any witness by their first names during trial.

d.  When objecting, counsel shall state only that counsel is objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. Counsel shall *not* argue an objection before the jury.

e.  Counsel shall *not* approach the Courtroom Deputy Clerk or the witness box without the Court's permission.

f.  Counsel shall return to the lectern when his or her purpose has been accomplished.

g.  Counsel shall *not* enter the well of the Court without the Court's permission.

h.  Counsel shall rise when addressing the Court. In jury cases, please rise when the jury enters or leaves the courtroom.

i.  Counsel shall address all remarks to the Court.

j.  Counsel shall not directly address the Courtroom Deputy Clerk, the reporter, or opposing counsel.

k.  If counsel wish to speak with opposing counsel, counsel shall ask permission to talk to counsel OFF THE RECORD.

l.  All requests for the re–reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the Court.

m.  Counsel shall not make an offer of stipulation unless counsel has conferred with opposing counsel and reached an agreement.

n.  While the court is in session, counsel shall not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

o.  When a party has more than one lawyer, only one may conduct the

examination of any given witness and only that same lawyer may

may handle objections during the testimony of that witness.

p.  If a witness was on the stand at a recess or adjournment, counsel shall

have the witness back on the stand and ready to proceed when Court

resumes.

q.  Counsel shall not run out of witnesses. If counsel is out of witnesses

and there is more than a brief delay, the Court may deem that counsel

has rested.

r.  The Court attempts to cooperate with doctors and other professional

witnesses and will, except in extraordinary circumstances, accommodate

them by permitting them to be out of sequence. Counsel should

anticipate any such possibility and discuss it with opposing counsel.

If there is an objection, counsel shall confer with the Court in advance.

s.  Counsel are advised to be on time as the Court starts promptly.

t.  Counsel should not by facial expression, nodding, or other conduct

exhibit any opinions, adverse or favorable, concerning any testimony

which is being given by a witness. Counsel should similarly admonish

their own clients and witnesses to avoid such conduct.

u.  SPEAK UP when making an objection, the acoustics in the courtroom

make it difficult for all to hear an objection when it is being made.

**28.   Protective Orders and Motions to Seal Documents:**

a.  Protective Orders. The parties are permitted to enter into stipulated

protective orders that govern how the parties are required to handle

confidential material produced in discovery.

b.  Sealing Determinations. It is the Court, not the parties, that determines

whether a document can be filed under seal. Protective orders cannot

pre–authorize a party to file documents under seal. The Court will only

permit filings under seal if the party seeking to seal the information

demonstrates why the public's traditional right of access to court documents and the public policies favoring disclosure are outweighed good cause (if the motion is not case–dispositive) or compelling reasons (if the motion is case–dispositive or the information is included in the operative complaint) that support keeping the information under seal.

The fact that a party has designated a particular document "Confidential" pursuant to a protective order is not sufficient to convince the Court that good cause or compelling reasons exist to seal that document. If a protective order attempts to authorize the filing of materials under seal without an independent showing of good cause or compelling reasons, the protective order will be rejected or that provision will be ignored.

c.   <u>Noticed Motions in Cases with Protective Orders</u>. **In any case where the parties have entered into a stipulated protective order, noticed motions must be noticed at least 35 days before the hearing date.**

d.   <u>Filing One's Own Confidential Documents with the Court</u>. Any party who wishes to file its own confidential material with the Court and have that information sealed must submit an application to seal concurrently with the filing of the document containing the confidential information.

e.   <u>Filing Another Party's Confidential Documents with the Court</u>.

   (1)   <u>Meet–and–Confer Requirement</u>: If a party wishes to file in Court a document containing information another party has designated "Confidential" pursuant to a protective order, the party filing the document (the "Filing Party") must give the party that designated the material "Confidential" (the "Designating Party") at least seven calendar days' notice, informing the Designating Party which specific documents or information the Filing Party intends

to file with the Court and the date of the anticipated filing. No fewer than four calendar days prior to the anticipated filing, the Designating Party must inform the Filing Party which of the identified material it intends to move to seal. This subsection applies to any noticed motion or opposition to a noticed motion.

(2) <u>Timing of Applications to Seal</u>: If the Designating Party wishes to seal certain information, it must file an application to seal on or before the date the Filing Party files the document containing the confidential information. This subsection applies to any noticed motion or opposition to a noticed motion.

(3) <u>Filings Other Than Noticed Motions or Oppositions to Noticed Motions</u>: A party filing any document other than a noticed motion or opposition to a noticed motion need not inform the Designating Party which material it intends to file with the Court. If a Filing Party files a document other than a noticed motion or opposition to a noticed motion that includes information another party has designated "Confidential," the Filing Party must redact all of the other party's confidential information from the publicly–available version and lodge conditionally under seal unredacted copies with the Court. If the Designating Party seeks to have any of the information sealed, it must file an application to seal within four calendar days. If no application to seal is received, the Court will reject the filing and give the Filing Party two days to re–file unredacted versions of the documents.

f. <u>Pilot Project for the Electronic Submission and Filing of Under Seal Documents.</u> Judge Otero is participating in the Central District of California's Pilot Project for the Electronic Submission and Filing of Under Seal Documents. The Pilot Project applies to both civil and

criminal cases. When seeking the Court's approval for an under seal filing, the Filing Party shall electronically file an Ex Parte Application to Seal and proposed Order through the Court's CM/ECF System pursuant to L.R. 5–4. The Ex Parte Application and proposed Order shall not contain the information the party seeks to file under seal. The party seeking permission to file under seal shall submit to the Court's generic e–mail address (sjo_chambers@cacd.uscourts.gov) PDF versions of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application stating the reason for the under seal filing, and the document(s) and/or exhibit(s) the party seeks to file under seal. The party shall also submit a Word or WordPerfect version of the proposed Order to the generic chambers e–mail address. Unless otherwise ordered by the Court, the submitting party shall deliver a Mandatory Chambers Copy of the Ex Parte Application, proposed Order, Declaration in Support of Ex Parte Application, and the document(s) and/or exhibit(s) the party seeks to file under seal to the Court's courtesy copy box outside chambers no later than 12:00 p.m. on the following business day. The Pilot Project for the Electronic Submission and Filing of Under Seal Documents does not apply to in camera submissions.

g.   Applications to File Under Seal. For each individual document or piece of information a party wishes to seal, the application to seal must explain why good cause (in the case of a non–case–dispositive motion) or compelling reasons (in the case of a case–dispositive document or information included in the operative complaint) exist to seal that particular document or piece of information. Conclusory statements – such as that the information contains "confidential, sensitive sensitive financial information" – are insufficient to establish good cause or compelling reasons. For each individual document, the party applying to

seal the document must explain what adverse consequences would occur if the document were made public. If the Court denies the application to seal, the Court will instruct the party that filed the document to file an unredacted copy of the document within two days of the Court's order.

Failure to conform with this Order may be deemed a waiver of trial by jury and may result in sanctions. The Local Rules and Federal Rules of Civil Procedure control any issue not specifically addressed in this Order. For further information regarding the Court's preferences, refer to www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. S. James Otero.

The Court thanks counsel and the parties for their anticipated cooperation. Counsel are advised to check the Court's procedures regularly, as they are subject to change.

**IT IS SO ORDERED.**

DATED: July 17, 2014

_____
S. James Otero
United States District Judge

Revised: 10–16–2013